IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. CCB-17-144 |
| | * | |
| PATRICK MOBLEY | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Patrick Mobley is a forty-five-year-old federal prisoner serving a ninety-six-month sentence for drug trafficking. Now pending is Mobley's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF 127). Mobley seeks relief based on underlying health conditions making him particularly susceptible to serious illness related to COVID-19. *Id*. The government opposes the motion, (ECF 135), and Mobley has replied, (ECF 136).[1] For the reasons explained below, the motion will be denied.

## BACKGROUND

Between 2014 and 2017, Mobley, working from Dallas, Texas, operated a business which sold and shipped crystal methamphetamine and gamma-hydroxybutyric acid ("GHB") to co-conspirators and customers in various regions in the United States, including to co-conspirators in Maryland who sold and distributed quantities of crystal methamphetamine to customers in Maryland. (ECF 81[Plea Agreement] at 9). Mobley maintained a website advertising and listing prices for quantities of crystal methamphetamine under the guise of marketing cloud storage. (*Id.*). Following an undercover investigation into the conspiracy, law enforcement arrested Mobley and

---

[1] Mobley has supplemented his motion with additional argument regarding the relationship between his health conditions and his risk for severe illness due to COVID-19 (ECF 129), documentation that he made a request to his warden for compassionate release (ECF 130), and additional medical records (ECF 137). The court considers these submissions.

1

executed a search warrant at his residence, recovering drug distribution paraphernalia, quantities of crystal methamphetamine and other controlled substances, and a loaded 9mm semiautomatic pistol. (*Id.* at 10).

Mobley pled guilty to one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841 & 846. Mobley admitted that during the course of the conspiracy, he sold and shipped at least fifteen kilograms of crystal methamphetamine to his co-conspirators. (*Id.* at 9). In January 2018, he was sentenced to ninety-six months' imprisonment, followed by a five-year term of supervised release. (ECF 114 [Judgment]).

In December 2018, Congress enacted the First Step Act. *See* Pub. L. No. 115-391, 132 Stat. 5194. As part of the Act, Congress amended 18 U.S.C. § 3582(c), which empowers courts to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i); Pub. L. 115-391, Title VI, § 603(b), Dec. 21, 2018, 132 Stat. 5239. Before the First Step Act was enacted, a court could review a prisoner's sentence pursuant to § 3582(c)(1)(A) only "upon motion of the Director of the Bureau of Prisons" ("BOP"). *Id.* But under the amended statute, a court may conduct such a review also "upon motion of the defendant," if the defendant has exhausted all administrative remedies to appeal the BOP's failure to bring a motion, or if thirty days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" *Id.* The court may authorize compassionate release if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court finds that "extraordinary and compelling reasons" warrant it. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

The government does not contest that Mobley's motion is properly before the court.

(ECF 135 at 18). The only issues are (1) whether "extraordinary and compelling reasons" warrant the reduction of Mobley's sentence and (2) if there is such a reason, whether the § 3553(a) factors weigh in favor of a sentence reduction.

## DISCUSSION

Under 28 U.S.C. § 994(t), the United States Sentencing Commission is responsible for defining "what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). According to the Commission's Policy Statement, "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over sixty-five years old, has failing health, and has served at least ten years or seventy-five percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) "other reasons" as determined by the BOP. *See* U.S.S.G. § 1B1.13 cmt. n.1(A)–(D). The BOP criteria for "other reasons" justifying a sentence reduction are set forth in Program Statement 5050.50 ("Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)"). As this court and others have held, however, the court possesses independent discretion—guided, but not bound by, Sentencing Commission and BOP criteria—to determine whether there are "extraordinary and compelling reasons" to reduce a sentence. *See United States v. Decator*, 452 F. Supp. 3d 320, 323–324 (D. Md. 2020) (citing cases); *United States v. Brooker*, 976 F.3d 228, 234–36 (2d Cir. 2020).

Mobley argues that his risk of developing serious illness related to COVID-19 due to his underlying medical condition (obesity) constitutes an "extraordinary and compelling reason" to reduce his sentence. (ECF 127 at 7–8; ECF 129). The government argues that the record contains no

3

reliable evidence of Mobley's body mass index (BMI), and thus that Mobley has failed to establish that he is obese within the CDC's definition of the condition.

The Centers for Disease Control ("CDC") has issued guidance on underlying conditions that increase an individual's risk of severe illness related to COVID-19. *See Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Nov. 2, 2020). The CDC distinguishes between those conditions where available data is strong enough and consistent enough to indicate that individuals with the condition "are at increased risk" (e.g., obesity), and those where current data is limited or mixed, and thus sufficient only to indicate that an individual with the condition "might be at an increased risk" (e.g., type 1 diabetes). *Id.* Individuals with a BMI greater than or equal to thirty are contending with "obesity," according to the CDC, and are at an increased risk for severe illness from COVID-19. *Id.* Individuals with a BMI greater than twenty-five but less than thirty are "overweight," and *may* be at an increased risk for severe illness due to COVID-19. *Id.* Mobley submitted additional medical records following the government's response, which indicate that he has a BMI within the range of 31 to 31.9. (ECF 137 at 3). With this BMI, the CDC would categorize Mobley as obese. The additional medical records also indicate that Mobley has chronic obstructive pulmonary disease ("COPD") and a history of smoking. (*Id.*). All three of these conditions place Mobley at an increased risk of severe illness from COVID-19. *See Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Nov. 2, 2020). This risk to Mobley is an extraordinary and compelling reason for his release. *See, e.g.*, *United States v. Griggs*, 462 F. Supp. 3d 610, 619 (D.S.C. 2020) (finding a defendant's multiple comorbidities, including COPD

and obesity, that increased his risk of severe illness from COVID-19 were an extraordinary and compelling reason for his release).

Mobley's COVID-19 risk factors do not, however, end the court's inquiry. The compassionate release statute provides that, before reducing a defendant's sentence for "extraordinary and compelling reasons," the court must consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable[.]" *See* 18 U.S.C. § 3582(c)(1)(A). Here, the § 3553(a) factors weigh against granting relief. The court must consider the nature and circumstances of the offense and Mobley's history and characteristics. *Id.* § 3553(a)(1). Mobley's offense involved his distribution of a very substantial quantity of crystal methamphetamine, in a fairly sophisticated and organized manner, and for significant financial gain. While this offense involved no physical violence, a weapon was possessed, and Mobley's actions certainly put others at great risk of harm. As for Mobley's history and characteristics, this is Mobley's first conviction. The court also acknowledges that when Mobley was arrested, he had a serious substance abuse disorder, and that, since his arrest, he has taken significant steps to treat his addiction and personal history of trauma. (ECF 127 at 2–7). However, the court must ensure that the sentence reflects the seriousness of the offense, promotes respect for the law, and affords adequate deterrence. 18 U.S.C. §§ 3553(a)(2)(A)–(B). Mobley has served approximately thirty-one months, less than one-third of his ninety-six-month sentence; that sentence already reflected his mitigating personal characteristics, as it was below the guideline sentencing range for a conspiracy involving this quantity of crystal methamphetamine. Accordingly, the court finds that the balance of the § 3553(a) factors weighs against granting compassionate release.

To the extent that Mobley requests home confinement, the court is without authority to grant it. "The discretion to release a prisoner to home confinement lies solely with the Attorney General."

*United States v. Byers*, No. 1:18-cr-00036-MR-WCM-1, 2020 WL 3513703, *2 (W.D.N.C. Jun. 29, 2020) (citing 18 U.S.C. § 3624(c)(2) and 34 U.S.C. § 60541(g)).

## CONCLUSION

For the foregoing reasons, Mobley's motion for compassionate release (ECF 127) will be denied. The associated motion to seal (ECF 134) will be granted to protect the confidentiality of personal information. A separate order follows.

11/24/2020_____        \_/S/_____
Date                                                                          Catherine C. Blake
                                                                                         United States District Judge